UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| AVADIAN CREDIT UNION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | 2:25-CV-00348-MHH |
| ) | |
| BERKLEY REGIONAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT BERKLEY REGIONAL INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Berkley Regional Insurance Company ("BRIC"), without waiving any substantive or procedural defects in the Complaint, submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

**PARTIES**

1. Upon information and belief, BRIC admits Avadian is an Alabama credit union. BRIC is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 1.

2. BRIC admits the allegations contained in Paragraph No. 2.

**JURISDICTION AND VENUE**

3. BRIC admits the Court has subject matter jurisdiction over this action.

4. BRIC admits the Court has personal jurisdiction as to BRIC.

5. BRIC admits venue is proper in this Court.

## FACTUAL ALLEGATIONS

3. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 3 and therefore denies the same.[1]

4. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 4 and therefore denies the same.

5. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 5 and therefore denies the same.

6. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 6.

7. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 7 and therefore denies the same.

8. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 8.

9. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 9 and therefore denies the same.

10. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 10 and therefore denies the same.

---

[1] The Complaint repeats the number 3 in numbering this Paragraph and continues counting from there. For consistency's sake, BRIC will use the same numbering as the Complaint.

11. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 11 and therefore denies the same.

12. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 12 and therefore denies the same.

13. BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 13 and therefore denies the same.

14. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 14.

15. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 15.

16. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 16.

17. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 17.

18. The allegations contained in Paragraph No. 18 call for a legal conclusion to which no response is required. To the extent a response is deemed required, BRIC is without sufficient information to either admit or deny the allegations contained in Paragraph No. 18 and therefore denies the same.

19. Upon information and belief, BRIC admits the allegations contained in Paragraph No. 19.

20. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself.

21. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself.

22. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself.

23. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself.

24. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 24 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

25. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations

contained in Paragraph No. 25 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

26. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 26 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

27. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 27 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

28. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 28 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

29. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations

contained in Paragraph No. 29 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

30. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 30 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

31. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 31 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

32. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 32 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

33. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations

contained in Paragraph No. 33 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

34. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 34 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

35. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 35 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

36. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 36 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

37. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations

contained in Paragraph No. 37 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

38. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 38 are intended to state any coverage was available to Avadian in connection with the Treasury reclamation, the allegations are denied.

39. BRIC admits Avadian reported the Reclamation Notice on August 23, 2024. To the extent the allegations contained in Paragraph No. 39 are intended to state the Reclamation Notice constituted a covered Loss, the allegations are denied.

40. BRIC admits the allegations contained in Paragraph No. 40.

41. BRIC admits Avadian submitted a sworn Proof of Loss. The Proof of Loss is a written document which speaks for itself. To the extent the allegations contained in Paragraph No. 41 are intended to state BRIC owed any duty to pay Avadian by reason of the Proof of Loss, the allegations are denied.

42. BRIC admits the allegations contained in Paragraph No. 42.

43. BRIC admits it issued the coverage letter identified as Exhibit B in Paragraph No. 43. BRIC denies Avadian's characterization of the letter, which speaks for itself. BRIC denies the content of the coverage letter was in any way erroneous.

44. BRIC admits Avadian counsel issued the letter identified as Exhibit C in Paragraph No. 44. BRIC denies Avadian's characterization of the letter, which speaks for itself. BRIC denies that the analysis contained in the letter is correct and denies any obligation to indemnify Avadian for the Treasury reclamation.

45. BRIC admits counsel for BRIC issued the letter identified as Exhibit D in Paragraph No. 45. BRIC denies Avadian's characterization of the letter, which speaks for itself. BRIC denies the content of the letter was in any way erroneous.

46. The letter identified as Exhibit D is a written document which speaks for itself. To the extent the allegations contained in Paragraph No. 46 are intended to state BRIC breached any duty or otherwise acted wrongfully by authorizing the letter, the allegations are denied.

47. In response to Paragraph No. 47, BRIC admits it has not issued any payment to Avadian in connection with the Treasury reclamation.

## COUNT ONE
### (BREACH OF CONTRACT)

48. BRIC adopts and incorporates its responses to Paragraphs No. 1-47 in response to Paragraph No. 48.

49. BRIC admits Avadian was current on premiums due under the Bond. To the extent the allegations contained in Paragraph No. 49 are intended to state

the Bond provided coverage for the Treasury reclamation, the allegations are denied.

50. In response to Paragraph No. 50, BRIC admits it agreed to provide coverage consistent with the terms and conditions of the Bond.

51. BRIC denies the allegations contained in Paragraph No. 51.

52. BRIC admits the allegations contained in Paragraph No. 52.

53. BRIC denies the allegations contained in Paragraph No. 53.

54. BRIC denies the allegations contained in Paragraph No. 54.

BRIC denies Avadian is entitled to the relief demanded in the unnumbered paragraph following Paragraph No. 54 and respectfully requests the Court enter judgment in favor of BRIC, dismiss with prejudice Avadian's claim, and tax all court costs against Avadian.

## COUNT TWO
### (BREACH OF CONTRACT)

55. BRIC adopts and incorporates its responses to Paragraphs No. 1-54 in response to Paragraph No. 55.

56. BRIC admits Avadian was current on premiums due under the Bond. To the extent the allegations contained in Paragraph No. 56 are intended to state the Bond provided coverage for the Treasury reclamation, the allegations are denied.

57. In response to Paragraph No. 57, BRIC admits it agreed to provide coverage consistent with the terms and conditions of the Bond.

58. BRIC denies the allegations contained in Paragraph No. 58.

59. BRIC admits the allegations contained in Paragraph No. 59.

60. BRIC denies the allegations contained in Paragraph No. 60.

61. BRIC denies the allegations contained in Paragraph No. 61.

BRIC denies Avadian is entitled to the relief demanded in the unnumbered paragraph following Paragraph No. 61 and respectfully requests the Court enter judgment in favor of BRIC, dismiss with prejudice Avadian's claim, and tax all court costs against Avadian.

## COUNT THREE
### (BREACH OF CONTRACT)

62. BRIC adopts and incorporates its responses to Paragraphs No. 1-61 in response to Paragraph No. 62.

63. BRIC admits Avadian was current on premiums due under the Bond. To the extent the allegations contained in Paragraph No. 63 are intended to state the Bond provided coverage for the Treasury reclamation, the allegations are denied.

64. In response to Paragraph No. 64, BRIC admits it agreed to provide coverage consistent with the terms and conditions of the Bond.

65. BRIC denies the allegations contained in Paragraph No. 65.

66. BRIC admits the allegations contained in Paragraph No. 66.

67. BRIC denies the allegations contained in Paragraph No. 67.

68. BRIC denies the allegations contained in Paragraph No. 68.

BRIC denies Avadian is entitled to the relief demanded in the unnumbered paragraph following Paragraph No. 68 and respectfully requests the Court enter judgment in favor of BRIC, dismiss with prejudice Avadian's claim, and tax all court costs against Avadian.

## COUNT FOUR
## (BAD FAITH DENIAL)

69. BRIC adopts and incorporates its responses to Paragraphs No. 1-68 in response to Paragraph No. 69.

70. The Bond is a legal document which speaks for itself such that no response is required. To the extent a response is required, BRIC denies Avadian's characterization of the Bond, which speaks for itself. To the extent the allegations contained in Paragraph No. 70 are intended to state the Bond provides coverage for the Treasury reclamation, the allegations are denied.

71. BRIC admits it agreed to provide coverage consistent with the terms and conditions of the Bond. To the extent the allegations contained in Paragraph No. 71 are intended to state the Bond provides coverage for the Treasury reclamation, the allegations are denied.

72. The Bond is a contractual agreement whereby Avadian paid premiums in exchange for insurance for covered Loss. To the extent the allegations contained in Paragraph No. 72 are intended to state the Bond provides coverage for the Treasury reclamation, the allegations are denied.

73. BRIC denies the allegations contained in Paragraph No. 73.

74. BRIC denies the allegations contained in Paragraph No. 74.

75. BRIC denies the allegations contained in Paragraph No. 75.

76. BRIC admits the allegations contained in Paragraph No. 76.

77. In response to Paragraph No. 77, BRIC admits it has not issued any payment to Avadian in connection with the Treasury reclamation.

78. BRIC denies the allegations contained in Paragraph No. 78.

79. BRIC denies the allegations contained in Paragraph No. 79.

80. BRIC denies the allegations contained in Paragraph No. 80.

81. BRIC denies the allegations contained in Paragraph No. 81.

82. BRIC denies the allegations contained in Paragraph No. 82.

83. BRIC denies the allegations contained in Paragraph No. 83.

84. BRIC denies the allegations contained in Paragraph No. 84.

85. BRIC denies the allegations contained in Paragraph No. 85.

86. BRIC denies the allegations contained in Paragraph No. 86.

87. BRIC denies the allegations contained in Paragraph No. 87.

BRIC denies Avadian is entitled to the relief demanded in the unnumbered paragraph following Paragraph No. 87 and respectfully requests the Court enter judgment in favor of BRIC, dismiss with prejudice Avadian's claim, and tax all court costs against Avadian.

## PRAYER FOR RELIEF

BRIC denies Avadian is entitled to the relief demanded in its Prayer for Relief and respectfully requests the Court enter judgment in favor of BRIC, dismiss with prejudice Avadian's claim, and tax all court costs against Avadian.

## AFFIRMATIVE DEFENSES

1. BRIC denies any allegations not specifically admitted in its Answer and demands Avadian be put to its burden of proof on each allegation.

2. The Complaint fails to state a claim upon which relief can be granted against BRIC.

3. BRIC denies it breached any duties owed to Avadian and demands strict proof thereof.

4. The claims alleged in the Complaint are barred to the extent they seek amounts not covered by the Bond.

5. The claims alleged in the Complaint are barred because the loss alleged did not result directly from a covered cause of loss.

6. The Complaint must be dismissed, pursuant to Exclusion "(f)", to the extent that the loss alleged resulted from an "Item of Deposit" that ultimately was returned, reversed, or otherwise ultimately not paid and is not covered by one of the Insuring Agreements enumerated in the Exclusion.

7. The Complaint must be dismissed, pursuant to Exclusion "(r)", to the extent the loss alleged in the Complaint results indirectly from a covered cause of loss.

8. The Complaint must be dismissed, pursuant to Exclusion "(kk)", to the extent the loss alleged in the Complaint results directly or indirectly from disbursements, payments made, or withdrawals from an account involving deposits, payments, or credits that are returned, reversed or otherwise ultimately not paid and is not covered by one of the Insuring Agreements enumerated in the Exclusion.

9. Avadian's bad faith claim is barred because BRIC acted in good faith at all times in its handling of the claim. BRIC has good faith, reasonable, arguable, and legitimate reasons for its coverage position.

10. Avadian's alleged damages, if any, are the proximate result of the acts or omissions of others for whom BRIC is neither liable nor responsible such that said actions constitute the sole cause of Avadian's alleged damages, or alternatively are intervening or superseding causes.

11. Avadian's claims for punitive damages are barred by provisions of the United States and Alabama constitutions.

12. Any award of punitive damages to Avadian in this case would violate the constitutional safeguards provided to BRIC under the Constitutions of the United States and Alabama.

13. BRIC pleads the applicability of Alabama's Punitive Damages statute and asserts all applicable substantive procedural aspects of the statute, including statutory caps.

14. Avadian has failed to join necessary parties to this action.

15. The Complaint should be dismissed because it is a "shotgun pleading".

16. If the Court determines that BRIC is liable to Avadian, its liability is strictly limited to the applicable limit of coverage stated in the Bond less the corresponding deductible.

17. BRIC reserves any and all defenses available, as set forth in Federal Rules of Civil Procedure 8(c), 12(b)(1) through 12(b)(7), 19, and 21, for which a good-faith basis exists.

18. BRIC reserves the right to amend this answer to include any additional defenses revealed during discovery.

**WHEREFORE**, BRIC respectfully demands that the Complaint be dismissed with prejudice; that BRIC have its costs expended and, if applicable, reasonable attorneys' fees; a trial by jury; and for all other proper relief under the circumstances.

Dated: April 15, 2025.

Respectfully Submitted,

/s/ *Brett J. Chessin*
Stephen E. Whitehead (2282T68S)
Brett J. Chessin (6064G27T)
Bret L. Linley (2010N86V)
*Counsel for Defendant Berkley Regional Insurance Company*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
steve@lgwmlaw.com
bchessin@lgwmalw.com
blinley@lgwmlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 15th day of April, 2025, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Hallman B. Eady
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
heady@bradley.com
*Counsel for Plaintiff Avadian Credit Union*

William J. Holley, II
Julie A. Wood
BRADLEY ARANT BOULT CUMMINGS LLP
1230 Peachtree Street, NE
20th Floor
Atlanta, GA 30309
Telephone: (404) 868-2002
Telephone: (404) 868-2017
Facsimile: (404) 868-2010
bholley@bradley.com
jawood@bradley.com
*Counsel for Plaintiff Avadian Credit Union (Admitted Pro Hac Vice)*

     /s/ *Brett J. Chessin*
      OF COUNSEL